**Robert Joe CRAWFORD, Petitioner— Appellant,**

v.

**Larry SMALL, Warden, Respondent— Appellee.**

No. 03–16761.

D.C. No. CV–98–02105–GEB/DAD.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

---

Robert Joe Crawford, CCIT–California Correctional Institution, Tehachapi, CA, pro se.

Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Janis Shank McLean, AGCA-Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before LEAVY, MCKEOWN and BERZON, Circuit Judges.

## MEMORANDUM **

California state prisoner Robert Joe Crawford appeals *pro se* the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction and sentence for second degree burglary. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Crawford contends that he received ineffective assistance of trial counsel because his attorney: (1) failed to file a motion to suppress or for an evidentiary hearing to determine whether the screwdriver found at the crime scene belonged to Crawford; (2) failed to file a "wobbler motion;" (3) failed to file a motion for a new trial; (4) failed to dismiss a biased juror; and (5) failed to adequately investigate the hallways at the crime scene to see if the lights were in working condition. Upon review of the record, we agree with the district court that Crawford has failed to demonstrate either deficient performance by counsel or prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Crawford next contends that he received ineffective assistance of appellate counsel. Specifically, Crawford states that his appellate counsel failed to obtain a transcript of the jury voir dire and, because of this failure, she was unable to raise the issues of juror bias and insufficient evidence. We conclude that because such claims did not have a reasonable probability of succeeding, counsel did not err in failing to raise them and Crawford was not prejudiced thereby. *See Miller v. Keeney,* 882 F.2d 1428, 1433–35 (9th Cir.1989). The district court therefore properly denied this claim.

Finally, Crawford contends that his sentence of 25–years–to–life constitutes cruel and unusual punishment, in violation of the Eighth Amendment. To the extent that Crawford is attacking the application of state sentencing law, his claim is not cognizable in federal habeas. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). To the extent that Crawford raises an Eighth Amendment challenge, this claim is foreclosed by *Lockyer v. Andrade,* 538 U.S. 63, 77, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (holding that a California state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to or an unreasonable application of federal law).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.